760 P.2d 799
**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Henry HILLIARD,
Defendant–Appellant.**

**No. 10630.**

Court of Appeals of New Mexico.

July 19, 1988.

Certiorari Denied Aug. 16, 1988.

Hal Stratton, Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Wade H. Russell, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

DONNELLY, Chief Judge.

Defendant appeals his convictions on two counts of battery on a peace officer contrary to NMSA 1978, Section 30–22–24 (Repl.Pamp.1984). Three appellate issues are presented: (1) whether there was substantial evidence to support the convictions; (2) whether defendant was deprived of effective assistance of counsel; and (3) claim of error in the instructions. The second calendar notice proposed summary affirmance of defendant's convictions, and defendant responded with a timely memorandum in opposition. Not persuaded by the response, we affirm.

On August 23, 1987, two Lovington sheriff's deputies and a Lovington city police officer responded to a call concerning a family disturbance. On arrival at the residence no disturbance was in progress. The officers spoke to the owner of the residence, Willie Jackson, who informed them that defendant had been arguing with his girlfriend but had left before the officers arrived. While the officers were conversing with Jackson, defendant returned to the scene, riding a bicycle. He threw his bicycle to the ground in an angry manner and asked the officers if they were looking for him. He then approached them in a belligerent manner. Defendant tried to go

past the officers and enter the house. Defendant pushed Officer Chester Hardin, who then advised defendant that he was under arrest. Thereafter, defendant struck Officer Donald Surratt in the face. Surratt and Hardin, together with Officer Dan Harris, finally subdued defendant and placed him in a police vehicle.

## 1. SUFFICIENCY OF EVIDENCE

Defendant argues that the officers were acting in excess of their statutory duties and that there was insufficient evidence to convict him of the charges of battery upon a peace officer.

■ Battery upon a peace officer is defined as the unlawful touching of a peace officer while the officer is in the lawful discharge of his duties. § 30–22–24. *See State v. Doe*, 92 N.M. 100, 583 P.2d 464 (1978); *State v. Gonzales*, 97 N.M. 607, 642 P.2d 210 (Ct.App.1982). Defendant contends that, since the officers were acting in excess of their statutory duties, they were not engaged in the lawful discharge of their duties when defendant committed the batteries. Defendant also contends that under NMSA 1978, Section 3–13–2 (Repl. 1985), and NMSA 1978, Sections 4–41–2 and –9 (Repl.Pamp.1984), which authorizes a peace officer to *suppress* disturbances and breaches of the peace, the disturbance must already be in progress, or appear inevitable, before an officer may lawfully take any action. We disagree. The power and duty to suppress breaches of the peace includes the right to take any reasonable steps to prevent a breach of the peace from occurring when the officers have good reason to believe that a disturbance may take place. *See, e.g., Black's Law Dictionary* 1291 (5th ed.1979) (definition of "suppress" includes "to prevent").

■ In this case, defendant's attitude toward the officers and his angry demeanor, combined with the telephone report that a disturbance had occurred and with Jackson's statement that defendant had been arguing with his girlfriend, provided reasonable grounds for the officers to believe in good faith that intervention was necessary to prevent further disturbance or physical violence.

■ Pursuant to *State v. Franklin*, 78 N.M. 127, 428 P.2d 982 (1967), and *State v. Boyer*, 103 N.M. 655, 712 P.2d 1 (Ct.App. 1985), defendant additionally argues that there was insufficient evidence to support his convictions because one officer stated that he was only resisting arrest. This testimony merely raised a conflict in the evidence, which the jury resolved against defendant. Where there is conflicting evidence, the verdict of the jury will not be disturbed on appeal. *See State v. Johnson*, 99 N.M. 682, 662 P.2d 1349 (1983); *State v. Davis*, 97 N.M. 745, 643 P.2d 614 (Ct.App. 1982).

Under the facts herein, the officers were acting within the scope of their duties and there was sufficient evidence to support each of the verdicts.

## II. ASSISTANCE OF COUNSEL

■ Defendant maintains that he received ineffective assistance of counsel because his attorney failed to request a battery instruction as a lesser included offense of battery on a peace officer. Defendant would have been entitled to such an instruction only if there was evidence that the officers were not acting in accordance with their lawful duties at the time of the altercation. *See State v. Gardner*, 85 N.M. 104, 509 P.2d 871, *cert. denied*, 414 U.S. 851 (1973) (defendant is entitled to an instruction on his theory of the case only if there is evidence supporting that theory). There is no evidence that the officers were acting outside the scope of their lawful duties at the time of the altercation; hence, there was no evidence to support the giving of a simple battery instruction in this case. Accordingly, defendant was not entitled to such an instruction and his attorney's failure to request such an instruction did not result in ineffective assistance of counsel.

## III. INSTRUCTIONS

■ Defendant's final argument is a contention that the jury should have been instructed that defendant had to know his victims were police officers to be convicted

of battery on peace officer. *See Reese v. State,* 106 N.M. 498, 745 P.2d 1146, *on rhn'g* 106 N.M. 505, 745 P.2d 1153 (1987). Defendant contends that *Reese* requires such an instruction even when, as in this case, lack of knowledge that the victims were peace officers has not been raised as a defense and no evidence of lack of knowledge has been presented to the jury. Defendant claims that the failure to give that instruction is jurisdictional error that requires a reversal in this case. We disagree with defendant's interpretation of *Reese.*

In *Reese,* the defendant raised his lack of knowledge as a defense and pursued that theory strenuously, but the trial court refused to instruct the jury that it must find defendant knew the victim of his battery was a peace officer. In holding that the jury should have been so instructed, the *Reese* opinion relied on cases in which the defense of lack of knowledge was raised. *See, e.g., United States v. Williams,* 604 F.2d 277 (4th Cir.), *cert. denied,* 444 U.S. 967 (1979); *Dotson v. State,* 358 So.2d 1321 (Miss.1978). As indicated in *Williams* and *Dotson,* under some circumstances lack of knowledge may be a viable defense to a charge of battery on a peace officer.

 In order to entitle a defendant to the defense of lack of knowledge, some evidence must be presented to support that defense. *Reese* indicates that an instruction regarding a defendant's knowledge that the victim is a peace officer is necessary only when defendant raises lack of such knowledge as a defense and there is evidence that the defendant acted without knowing that the victim was a peace officer. A defendant is entitled to an instruction on his theory of the case only when there is evidence that supports that theory. *See State v. Gardner; see also United States v. Williams; Dotson v. State.*

Defendant did not raise lack of knowledge as a defense and there was no evidence tending to show that he lacked knowledge that the victims were police officers. Here, the evidence instead indicates that each of the officers was in uniform at the time of the incident. Under these circumstances, defendant was not entitled to an instruction regarding his contention that he was unaware that the victims were peace officers at the time of the offenses.

The judgment and sentences are affirmed.

IT IS SO ORDERED.

MINZNER and GARCIA, JJ., concur.