2006-NMCA-040

133 P.3d 271

CITY OF ROSWELL, Plaintiff–Appellee,

v.

Henry M. SMITH, Defendant–Appellant.

No. 24,272.

Court of Appeals of New Mexico.

Feb. 20, 2006.

Certiorari Denied, No. 29,742,
April 24, 2006.

Judy A. Pittman, City Attorney, Roswell, NM, for Appellee.

Henry M. Smith, Roswell, NM, Pro Se Appellant.

## OPINION

WECHSLER, Judge.

{1} Defendant Henry M. Smith appeals his conviction of one count of obstructing an officer in violation of Roswell, N.M., Code

§ 10–48 (1984). Defendant argues that his conviction should be reversed because there was insufficient evidence that his conduct met the definition of obstructing and because police officers violated his Fourth Amendment rights in arresting him on private property in the absence of the commission of a crime. In addition, we address whether Defendant's conviction should be reversed for lack of jurisdiction because the city attorney who prosecuted him in district court did not have authorization from the district attorney. We conclude that the evidence was sufficient to convict Defendant of obstructing and that his Fourth Amendment rights were not violated. We further conclude that city attorneys have authority to prosecute cases in district court for violations of municipal ordinances without district attorney authorization. Defendant's conviction is affirmed.

## FACTUAL AND PROCEDURAL HISTORY

{2} Defendant was arrested for obstructing an officer after he failed to comply with repeated instructions of several City of Roswell police officers to leave the parking lot of a Roswell Denny's restaurant. The uncontroverted testimony at trial indicates that Defendant was engaged in a loud argument with one or more other persons in the parking lot when the police officers arrived. The officers apparently determined that no crimes had been committed and ordered everyone in the parking lot to go their separate ways. Testimony of one officer indicated that all parties to the dispute other than Defendant did leave the parking lot, but two other officers testified that the other parties could not leave because Defendant's van was blocking their exit. It is undisputed that Defendant refused to leave the parking lot and was arrested instead.

{3} Defendant was prosecuted by his arresting officer in municipal court, a practice allowed by Rule 8–111 NMRA. He was convicted and appealed to district court. In district court, the city was represented by an assistant city attorney. Defendant moved for dismissal of the charge on the ground that city attorneys have no authority to prosecute criminal matters in district court. Although the basis for its ruling is unclear, the district court denied that motion, apparently because it believed the case to be civil on appeal. Immediately before and after the trial, Defendant argued that the case should be dismissed because he had been arrested on private property without a warrant in violation of the Fourth Amendment. The district court upheld Defendant's conviction and remanded the matter to the municipal court for execution of Defendant's sentence.

## SUFFICIENCY OF THE EVIDENCE

{4} To determine whether there is sufficient evidence to support a criminal conviction, "[w]e ask whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Barber*, 2004–NMSC–019, ¶ 33, 135 N.M. 621, 92 P.3d 633 (quoting *State v. Cunningham*, 2000–NMSC–009, ¶ 26, 128 N.M. 711, 998 P.2d 176). "Such review involves a two-step process, consisting of 'deference to the resolution of factual conflicts and inferences derived therefrom, and a legal determination of whether the evidence viewed in this manner could support the conviction.'" *State v. Nieto*, 2000–NMSC–031, ¶ 27, 129 N.M. 688, 12 P.3d 442 (quoting *State v. Orgain*, 115 N.M. 123, 126, 847 P.2d 1377, 1380 (Ct.App.1993)).

{5} Section 10–48(a)(2) prohibits obstructing an officer, which it defines as "[r]esisting, obstructing or abusing any ... peace officer in the lawful discharge of his duties." The district court found that Defendant had been "instructed ... on several occasions to leave the parking lot" and that he had "refused." Three police officers testified to these facts, and Defendant does not challenge them. We defer to the district court's findings of fact since they are supported by the evidence. *See Nieto*, 2000–NMSC–031, ¶ 27, 129 N.M. 688, 12 P.3d 442.

{6} Defendant argues that there was insufficient evidence to convict him of obstruction because the police officers could not lawfully ask him to leave. It is true that he could not be guilty of obstruction if police officers were not "in the lawful discharge of [their] duties" when they ordered him to leave the parking lot. Section 10–48(a)(2). However, municipal police officers have a duty to "suppress all riots, disturbances and

breaches of the peace." NMSA 1978, § 3–13–2(A)(4)(a) (1988). Police officers may intervene when they have "reasonable grounds . . . to believe in good faith that intervention [is] necessary to prevent further disturbance or physical violence." *State v. Hilliard,* 107 N.M. 506, 508, 760 P.2d 799, 801 (Ct.App. 1988); *see also State v. Prince,* 1999–NMCA–010, ¶ 12, 126 N.M. 547, 972 P.2d 859 ("The power and duty of a law enforcement officer to suppress breaches of the peace includes the right to take any reasonable steps to prevent such breaches from occurring when the officer has good reason to believe that a disturbance may occur.").

{7} In *Hilliard,* we affirmed the defendant's conviction of battery on a police officer because the officers were acting lawfully to prevent a breach of the peace. *Hilliard,* 107 N.M. at 508–09, 760 P.2d at 801–02. In that case, police officers were investigating a report of a domestic disturbance. *Id.* at 507, 760 P.2d at 800. When the officers arrived, the defendant was not present, but he returned shortly. *Id.* Recognizing him as one of the parties to the disturbance, the officers refused him entry into the house. *Id.* at 507–08, 760 P.2d at 800–01. The defendant tried to push past the officers, hitting one officer in the face, and was arrested. *Id.* We held that the officers were acting reasonably and that there was sufficient evidence to support the conviction. *Id.* at 508, 760 P.2d at 801.

{8} We can see no reason to distinguish this case from *Hilliard.* Defendant was lawfully instructed to leave the parking lot to prevent a breach of the peace. Because Defendant was yelling loudly when the police officers arrived, they certainly had reason to believe a breach of the peace was imminent, if not already transpiring. Asking Defendant to forego a meal at Denny's was certainly less intrusive than asking the defendant in *Hilliard* to refrain from entering the house. *See id.* at 507–08, 760 P.2d at 800–01. The police order was therefore reasonable and lawful. Because Defendant had no right to refuse to follow the order, there is sufficient evidence that he was in violation of Section 10–48.

## LEGALITY OF ARREST

{9} Defendant argues that police officers could not lawfully arrest him on private property without a warrant, consent of the property owner, or the commission of a crime. However, Defendant has not moved to suppress any evidence that he contends is the fruit on any alleged unlawful arrest, *see State v. Jutte,* 1998–NMCA–150, ¶ 22, 126 N.M. 244, 968 P.2d 334 (indicating that fruits of illegal arrests are generally barred from admission into evidence), and our cases hold that an illegal arrest by itself does not raise any issue as to the power of the court to try a defendant or provide any relief from a conviction, *see State v. Nysus,* 2001–NMCA–023, ¶ 5, 130 N.M. 431, 25 P.3d 270; *Herring v. State,* 81 N.M. 21, 21–22, 462 P.2d 468, 468–69 (Ct.App.1969). In addition, even if we found it necessary to decide the issue, as noted above, Defendant had committed the crime of obstructing an officer prior to the arrest in plain view of the arresting officer, and the arrest was therefore legal. *Cf. State v. Luna,* 93 N.M. 773, 777, 606 P.2d 183, 187 (1980) ("A warrantless arrest of a person for violation of a misdemeanor is valid only if the offense occurred in the arresting officer's presence.").

## AUTHORITY OF CITY ATTORNEY TO PROSECUTE IN DISTRICT COURT

{10} Defendant also argued before the district court and in his docketing statement that the district court erred in denying his motion to dismiss for improper prosecution by an unauthorized assistant city attorney. We address this issue despite Defendant's failure to argue it in his brief in chief because it concerns the jurisdiction of the district court. *See Alvarez v. State Taxation & Revenue Dep't,* 1999–NMCA–006, ¶¶ 1, 6, 126 N.M. 490, 971 P.2d 1280 (reversing the district court's order for lack of jurisdiction sua sponte). The district court lacks jurisdiction to hear a criminal case brought by an unauthorized attorney. *See State v. Baca,* 101 N.M. 716, 717, 688 P.2d 34, 35 (Ct.App. 1984) (holding that the metropolitan court had no jurisdiction to hear a criminal matter in which the private prosecutor was not authorized to represent the state). The ques-

tion of whether the district court had jurisdiction is a question of law and is reviewed de novo. *See Gallegos v. Pueblo of Tesuque*, 2002–NMSC–012, ¶ 6, 132 N.M. 207, 46 P.3d 668.

{11} To show that the assistant city attorney was unauthorized, Defendant relied on NMSA 1978, § 36–1–19(A) (1985), which provides that:

no one shall represent the state or any county thereof in any matter in which the state or county is interested except the attorney general, his legally appointed and qualified assistants or the district attorney or his legally appointed and qualified assistants and such associate counsel as may appear on order of the court, with the consent of the attorney general or district attorney.

Section 36–1–19(B) provides an exception for private representation of counties in civil matters. After reiterating that Subsection B applies only to civil matters, Subsection C provides that "permission [of the district attorney] shall not be required for the prosecution of any violation of a county ordinance." Section 36–1–19(C).

{12} We will not look beyond the plain language of a statute unless that language is ambiguous. *E.g., State v. Rivera*, 2004–NMSC–001, ¶ 10, 134 N.M. 768, 82 P.3d 939. Ambiguity is a question of law, which we review de novo. *E.g., Envtl. Control, Inc. v. City of Santa Fe*, 2002–NMCA–003, ¶ 14, 131 N.M. 450, 38 P.3d 891. The plain language of Section 36–1–19(A) explicitly prohibits unauthorized representation of "the state or any county . . . in any matter in which the state or county is interested." This provision applies to representation of the state or a county; it does not apply to the representation of a municipality. *See* NMSA 1978, § 35–15–1(A) (1969) (providing that in suits to enforce municipal ordinances the plaintiff is the municipality). *But cf.* 89–27 Op. Att'y Gen. 1–3 (1989) (advising that police officers may not prosecute criminal cases in district court without violating Section 36–1–19). If the legislature had wished to regulate representation of municipalities, it would have done so. *Cf. Brooks v. Hobbs Mun. Sch.*, 101 N.M. 707, 710, 688 P.2d 25, 28 (Ct.App.1984) (noting that the legislature "could easily" have included additional language in a statute had it desired to do so).

{13} Defendant has cited no authority for the proposition that the state or a county is interested in the enforcement of the Roswell City Code or that the state or a county was represented by the assistant city attorney. Instead, Defendant appears to believe that he was convicted of NMSA 1978, § 30–22–1 (1981) (resisting, evading, or obstructing an officer). On the contrary, the record shows that Defendant's conviction was for violation of Section 10–48 of the Roswell City Code.

{14} Defendant also argued in his docketing statement that the district court ruled incorrectly, given that the assistant city attorney admitted in court that she was unauthorized. We agree that the attorney's statements to the district court were misleading, but that fact is of no consequence in our determination of the presence or absence of jurisdiction. *Cf. Chavez v. County of Valencia*, 86 N.M. 205, 209, 521 P.2d 1154, 1158 (1974) ("Subject matter jurisdiction cannot be conferred by consent of the parties."); *State v. Maes*, 100 N.M. 78, 80–81, 665 P.2d 1169, 1171–72 (Ct.App.1983) (noting that the courts must decide important issues in criminal cases regardless of concession by a party). Furthermore, we agree that the district court did not rule on the correct ground. Nonetheless, the ruling of the court was correct. We will affirm a ruling of the district court that reaches the correct result, even if it is for the wrong reason, when the district court had all the facts before it and the parties had a full opportunity to present evidence. *State v. Franks*, 119 N.M. 174, 177, 889 P.2d 209, 212 (Ct.App.1994) (noting that this Court will not affirm on a fact-dependent ground not raised in the district court because this Court does not find facts and because of the resulting unfairness to parties who did not have a full opportunity to present evidence in the district court).

## CONCLUSION

{15} Because the record contains evidence sufficient to support Defendant's conviction for obstructing an officer, and because the

prosecution in district court by an assistant city attorney was not improper, we affirm.

{16} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD and MICHAEL E. VIGIL, Judges.