This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                    **NO. 33,352**

**JOSEPH WILSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF EDDY COUNTY**
**Jane Shuler Gray, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Karl Erich Martell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}      Defendant Joseph Wilson appeals his conviction for resisting, evading, or obstructing an officer. In this Court's notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, Defendant has filed a memorandum in opposition, which we have duly considered. We remain unpersuaded by Defendant's arguments and therefore affirm.

**Motion to Suppress**

{2}      Defendant contends that the district court erred in denying his motion to suppress and ruling that there were exigent circumstances justifying Sergeant Mendoza's warrantless entry into the home. [DS 6, 7-8; RP 42, 62] In this Court's notice of proposed summary disposition, we proposed to conclude that even if Sergeant Mendoza illegally entered Defendant's house, Defendant's "actions were sufficiently separate and distinct from the officer['s] entry that the exclusionary rule under Article II, Section 10, like the rule applicable to the Fourth Amendment, does not extend to suppress the officer['s] testimony about [the defendant's] acts of a new crime against the officer[ ]." *State v. Travison B.*, 2006-NMCA-146, ¶ 11, 140 N.M. 783, 149 P.3d 99.

{3}      Defendant's memorandum in opposition does not address why this legal principle should not apply in this case. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary

calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Instead, Defendant attempts to distinguish the facts in this case from the facts in *Travison B.*, 2006-NMCA-146, as well as other cases, in order to show that there were no exigent circumstances justifying the warrantless entry in this case. [MIO 4-7] These arguments are not persuasive.

{4}    For the reasons stated in our notice, we affirm the district court's denial of Defendant's motion to suppress.

**Insufficient Evidence**

{5}    Defendant contends that there was insufficient evidence to support his conviction for resisting, evading, or obstructing an officer beyond a reasonable doubt. [DS 7, 8-9] In this Court's notice of proposed summary disposition, we proposed to hold that there was sufficient evidence that Defendant "resist[ed] or abus[ed] any . . . peace officer in the lawful discharge of his duties." NMSA 1978, Section 30-22-1(D) (1981). We noted that Defendant refused to comply with Sergeant Mendoza's orders, Defendant pulled his arm away from the officer's grasp, and the officer had to wrestle Defendant onto the couch. [CN 7; DS 3; RP 39] *See State v. Diaz,* 1995-NMCA-137, ¶¶ 16-23, 121 N.M. 28, 908 P.2d 258 (providing that resisting refers not only to a defendant's overt physical act, but also to the failure to act when refusing to obey lawful police commands); *City of Roswell v. Smith*, 2006-NMCA-040, ¶ 5, 139 N.M.

381, 133 P.3d 271 (affirming the defendant's conviction for obstructing an officer based on his conduct of refusing to leave a parking lot even though he had been instructed several times by officers to do so).

{6}     In his memorandum in opposition, Defendant contends that he "was not aggressive" and that he "merely pulled his arm away" after the officer "proceeded to commit a battery upon [Defendant.]" [MIO 10] As an appellate court, we will not reweigh the evidence on appeal. *See State v. Sutphin*, 1988-NMSC-031, ¶ 23, 107 N.M. 126, 753 P.2d 1314 (stating that an appellate court "may neither reweigh the evidence nor substitute its judgment for that of the [factfinder]"). Accordingly, for the reasons stated in our notice, we hold that there was sufficient evidence that Defendant resisted the officer.

{7}     Additionally, Defendant continues to argue that Sergeant Mendoza was not acting in the lawful discharge of his duties when he entered Defendant's house without a warrant, or without probable cause and exigent circumstances. [MIO 9] As detailed in our calendar notice, Sergeant Mendoza was investigating a possible domestic violence crime, and the State had a legitimate interest in protecting the victim from further domestic abuse. *See* NMSA 1978, § 40-13-7(B) (2008) (providing that "[a] local law enforcement officer responding to the request for assistance shall be required to take whatever steps are reasonably necessary to protect the victim from

4

further domestic abuse"); NMSA 1978, § 31-1-7(A) (1995) (stating that "a peace officer may arrest a person and take that person into custody without a warrant when the officer is at the scene of a domestic disturbance and has probable cause to believe that the person has committed an assault or a battery upon a household member"); *State v. Almanzar*, 2014-NMSC-001, ¶ 20, 316 P.3d 183 (holding that "Section 31-1-7(A) was enacted to enable an officer to ensure a victim's safety by allowing the officer to arrest an aggressor who is still at the scene of the incident without a warrant").

{8}	We conclude that Sergeant Mendoza was acting within the lawful discharge of his duties when he was investigating the domestic dispute between Defendant and his girlfriend because such an investigation is within the scope of what he is employed to do. *See State v. Doe*, 1978-NMSC-072, ¶ 14, 92 N.M. 100, 583 P.2d 464 (stating that a police officer is acting within the lawful discharge of his authority when he is "acting within the scope of what [he] is employed to do" (internal quotation marks and citation omitted)).

{9}	Therefore, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{10}	**IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**


**WE CONCUR:**


_____

**MICHAEL D. BUSTAMANTE, Judge**


_____

**LINDA M. VANZI, Judge**