This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Nos. A-1-CA-39349 and A-1-CA-39350 (consolidated)**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**MATTHEW WAYNE HAGUE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Michael H. Stone, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**ATTREP, Judge.**

**{1}** This opinion addresses Defendant's two appeals, following the revocation of his probation.[1] We previously issued notices of proposed summary disposition in which we proposed to affirm. Defendant has filed a consolidated memorandum in opposition, together with a motion to amend. For the reasons that follow, we deny the motion, and affirm.

---

[1]Because Defendant's appeals raise identical issues, we exercise our discretion to consolidate them for decision. *See* Rule 12-317(B) NMRA (allowing an appellate court to consolidate appeals for decision).

**{2}**     We will begin with the motion to amend, by which Defendant seeks to challenge the district court's reliance upon his own out-of-court admission to committing the offense of shoplifting. [MIO 5-9] Although we find no indication that Defendant objected, [MIO 6] we understand him to suggest that the district court should have excluded it, sua sponte, as unreliable hearsay. [MIO 6-9] However, a statement is not hearsay when it is offered against a party and is the party's own admission. *See* Rule 11-801(D)(2)(a) NMRA (excluding admissions by a party-opponent from the hearsay rule); *see, e.g.,* *State v. Smith*, 2001-NMSC-004, ¶¶ 17-18, 130 N.M. 117, 19 P.3d 254 (concluding that a police officer's testimony about the defendant's own statements was properly admitted under Rule 11-801(D)(2)(a); and further, the admission of such evidence did not implicate the defendant's right of confrontation). We therefore perceive no merit to the suggestion of error.  Accordingly, we deny the motion to amend on the ground that the putative issue is not viable. *See generally State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (observing parenthetically, in relation to motions to amend docketing statements, that issues must be viable).

**{3}**     Defendant also renews his challenge to the sufficiency of the evidence to support the district court's determination that he committed a violation. [DS 10-12]  However, as described in the notices of proposed summary disposition, the State presented ample evidence in support of the petition to revoke. [CN 2-4] Although Defendant continues to argue that the district court's reliance upon hearsay was improper, [MIO 10-12] we remain unpersuaded.  As we previously observed, [CN 3] "hearsay may be considered in probation revocation hearings if of probative value[.]" *State v. Vigil*, 1982-NMCA-058, ¶ 19, 97 N.M. 749, 643 P.2d 618 (internal quotation marks and citation omitted); *see also State v. Neal*, 2007-NMCA-086, ¶ 41, 142 N.M. 487, 167 P.3d 935 ("[H]earsay evidence may be used in probation revocation hearings if it has probative value."). In this case the State's evidence was of substantial probative value, particularly in light of the fact that the investigating officer was called as a witness at the probation revocation proceeding and was therefore subject to cross-examination. *See generally State v. Guthrie*, 2011-NMSC-014, ¶ 36, 150 N.M. 84, 257 P.3d 904 (observing that "an allegation that the probationer has committed another crime must be tested in the crucible of cross-examination"); *Vigil*, 1982-NMCA-058, ¶¶ 18, 22-24 (explaining that the absence of opportunity to test hearsay for accuracy or reliability, through cross-examination or otherwise, tends to deprive that evidence of probative value).

**{4}**     Defendant suggests that *Vigil* would support a different result. [MIO 11] However, unlike *Vigil*, this is not a case in which the State relied exclusively upon hearsay evidence. *See generally Neal*, 2007-NMCA-086, ¶ 42 (observing that *Vigil* "addresses only whether hearsay evidence was sufficient when no non-hearsay evidence was presented"). As noted above, Defendant's admission constitutes non-hearsay. *See* Rule 11-801(D)(2)(a). And as we previously observed, [CN 3-4] the testifying officer described his own perceptions, and events within his personal knowledge. *See State v. Gwynne*, 2018-NMCA-033, ¶¶ 7, 28-33, 417 P.3d 1157 (holding that an investigating officer was properly permitted to describe the personal observations he made from watching video recordings, to explain how he concluded that the defendant was the perpetrator); *State v. Sweat*, 2017-NMCA-069, ¶¶ 20-24, 404 P.3d 20 (holding that an

investigating officer was properly permitted to testify as to the defendant's identity as the perpetrator of an offense captured on surveillance video and subsequently viewed by the officer); *Neal*, 2007-NMCA-086, ¶ 42 (holding that the testimony of an officer who testified that he saw the defendant shoplift constituted non-hearsay evidence, where the defendant was able to cross-examine the officer). We therefore remain unpersuaded.

{5}     Finally, Defendant contends that the district court's ultimate ruling was premised on "contradictory evidentiary rulings." [MIO 11-12] The various positions apparently taken by the district court on evidentiary matters pertaining to the officer's description of the course of the investigation, including his personal perceptions based upon his viewing of the surveillance video and his subsequent interaction with Defendant, [MIO 3-5] are somewhat mystifying. *See generally* Rule 11-1101(D)(3)(d) NMRA (stating that the rules of evidence do not apply to proceedings to revoke probation)*.* However, any error appears to have entailed the exclusion of evidence, which would have redounded to Defendant's benefit. Despite this, the district court clearly manifested its determination that the State had sustained its burden of demonstrating that Defendant had committed the offense of shoplifting. As previously described, the evidence amply supports that result. We therefore perceive no basis for relief on appeal. *See generally Neal*, 2007-NMCA-086, ¶ 42 (explaining, in the context of a probation revocation proceeding, that in order to establish a violation of due process, a defendant must show prejudice); *City of Roswell v. Smith*, 2006-NMCA-040, 139 N.M. 381, 133 P.3d 271 ("We will affirm a ruling of the district court that reaches the correct result, even if it is for the wrong reason, when the district court had all the facts before it and the parties had a full opportunity to present evidence.").

{6}     Accordingly, for the reasons stated in the notices of proposed summary disposition and above, we affirm.

{7}     **IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**BRIANA H. ZAMORA, Judge**