This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-39028**

**CITY OF HOBBS,**

Plaintiff-Appellee,

v.

**SHAMUS WRIGHT, SR.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark Sanchez, District Judge**

City Attorney's Office
Efren A. Cortez
Valerie S. Chacon
Hobbs, NM

for Appellee

Kennedy Kennedy & Ives
Laura Schauer Ives
Joseph P. Kennedy
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**MEDINA, Judge.**

**{1}** Defendant Shamus Wright, Sr. appeals his conviction, following a de novo bench trial in district court, of one count of resisting, evading, or obstructing a police officer, contrary to Hobbs Municipal Code (HMC), Hobbs, N.M., Code of Ordinances ch. 9.04, §

9.04.080(B) (2010, amended 2021).[1] Defendant challenges the sufficiency of the evidence supporting his conviction. We reverse.

## BACKGROUND

**{2}**     The following facts were presented during Defendant's de novo bench trial in district court, following his municipal court convictions for concealing identity, contrary to HMC, Hobbs, N.M., Code of Ordinances ch. 9.04, § 9.04.030 (2010, amended 2021), and resisting, evading or obstructing a police officer, contrary to HMC Section 9.04.080.[2]

**{3}**     On an evening in June 2018, following a completed traffic stop in a residential neighborhood, three Hobbs police officers drove half a block further down the street with their emergency lights activated to investigate two men standing in the middle of the street. Officers Jaimes and Gastelum made contact with the two men standing in the street. Meanwhile, Officer Martinez saw eight to ten individuals standing on a sidewalk near a vehicle parked in front of a house. The individuals were somewhere between fifteen and twenty feet away from Officers Jaimes and Gastelum.

**{4}**     Officer Martinez gave conflicting testimony as to whether the crowd approached him or whether he approached the crowd. Regardless, Officer Martinez testified that while he explained to an older gentleman the reasons for the investigation, the crowd began "grumbling" and voicing their frustration over the officers' contact with the two men on the street. Officer Martinez calmed the crowd for a short period of time. But, according to Officer Martinez, the crowd eventually became "wild and crazy" in response to the investigation.

**{5}**     Officer Martinez testified that he focused his attention on Defendant because he was the loudest in the group and was "amping up" the crowd. At the time, Officer Martinez was unaware if Defendant or the crowd were interfering with the investigation of the two men in the street. Officer Martinez made contact with Defendant in a further attempt to calm the crowd.

**{6}**     When Officer Martinez noticed Defendant's hands in his pockets, he ordered Defendant remove his hands and Defendant did so. Officer Gastelum testified that he could hear Defendant yelling while he was attempting to identify one of the men on the street and since the man did not have his identification on him, he told the man to "go get his [identification]" and then Officer Gastelum walked towards Officer Martinez. Officer Martinez ordered Defendant to leave the scene, pointing towards a nearby house, because the officers were close to concluding their investigation and Officer Martinez did not want Defendant to continue encouraging the crowd. Defendant remained on the sidewalk, placed his hands back in his pockets, verbally objected to the

---

1The City of Hobbs (the City) clarified that it was pursuing the resisting, evading, or obstructing a police officer charge under HMC Section 9.40.080(B) on the day of trial.

2Another defendant, Emma Smith, was tried jointly with Defendant. Ms. Smith is not a party to this appeal. Accordingly, we only discuss facts relevant to Defendant's claim on appeal.

stop, and continued "amping up the crowd." Officer Martinez testified that he believed Defendant's refusal to leave the scene was a violation of the City's resisting, evading, or obstructing ordinance.

**{7}** Officer Martinez again ordered Defendant to remove his hands from his pockets, and also to produce his identification. Defendant refused to provide his identification, at which point Officer Martinez told Defendant that "he ha[d] to provide his identity or else he[ was] going to go to jail." Officer Martinez gave Defendant multiple opportunities to provide identification, but Defendant repeatedly refused, stating, "I don't have to do anything. I didn't do anything."

**{8}** Because Defendant refused to produce identification, Officers Martinez and Gastelum approached Defendant and placed him under arrest. As Officer Gastelum tried to place Defendant's hands behind his back, Defendant tensed his body, so Officer Gastelum conducted a "leg sweep" to effectuate the arrest. Officer Gastelum testified that while attempting to place Defendant in Officer Martinez's patrol vehicle, Defendant "continued to try to pull away" from him, so he conducted an additional leg sweep, placing Defendant on the ground.

**{9}** Defendant testified on his own behalf. Defendant affirmed that Officer Martinez asked him for his identification and testified that he responded to the request by stating he was not going to show his identification and said, "I haven't committed a crime and I know my rights." Defendant stated that the officers told him that if he did not provide his identification, they were going to arrest him and explained he refused to provide identification since he knew he had not committed a crime. Defendant testified that the officers then grabbed his arm, threw him on the ground, and arrested him.

**{10}** At the conclusion of the trial, the district court directed the parties to file requested findings of facts and conclusions of law. With respect to the charge of resisting, evading, or obstructing a police officer, the City asserted: HMC Section 9.04.080(B) is substantially equivalent to NMSA 1978, Section 30-22-1(D) (1981),[3] Officer Martinez had a duty to "suppress all riots, disturbances and breaches of the peace[,]" NMSA 1978, § 3-13-2(A)(4)(a) (1988), and his order to Defendant was an attempt to do so. The City argued that Defendant resisted Officer Martinez, in the lawful discharge of Officer Martinez's duties, by failing to comply with the order to leave the scene, therefore violating HMC Section 9.04.080(B). With respect to the concealing identity charge, the City argued that Officer Martinez had the requisite probable cause to ask Defendant for identification because his refusal to leave the scene, amounted to resisting, evading, or obstructing a police officer, and therefore also violated HMC Section 9.04.030.

**{11}** Defendant, in turn, argued that the City failed to present evidence that Defendant's speech actually agitated the crowd or was intended to incite violence in

---

[3]HMC Section 9.04.080(B) prohibits "[r]esisting or abusing the [m]unicipal [j]udge or any officer in the lawful discharge of his duties[,]" whereas Section 30-22-1(D) prohibits "resisting or abusing any judge, magistrate or peace officer in the lawful discharge of his duties."

response to the resisting, evading, or obstructing a police officer charge. Therefore, the officer had no reason to order him to leave the scene, and he could not have violated HMC Section 9.04.080(B). Defendant additionally argued that he could not resist arrest when his arrest was not in the lawful discharge of the officers' duties and that the arrest itself was unlawful. In response to the concealing identity charge, Defendant argued that the officer lacked reasonable suspicion to ask for identification, and therefore he could not violate HMC Section 9.04.030 by refusing to provide identification.

**{12}** The district court convicted Defendant of resisting, evading, or obstructing a police officer, and acquitted Defendant of concealing identity. The district court found that (1) Defendant was "arguing with police officers about their lack of authority to investigate[,]" but that "no unlawful conduct arises from mere argument"; (2) the officers "ordered [D]efendant to get out of their way so that they could investigate" the two men on the road; (3) Defendant "refused to do so"; (4) Defendant "was in the way of the officers"; and (5) Defendant "interfered with, obstructed, and opposed officers . . . in their attempt to investigate" the two men on the road "at a distance from [D]efendant." This appeal followed.

## DISCUSSION

**{13}** Defendant argues that there was insufficient evidence to establish his conviction for resisting, evading, or obstructing a police officer.[4] "The test for sufficiency of the evidence is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilty beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Ford*, 2019-NMCA-073, ¶ 7, 453 P.3d 471 (internal quotation marks and citation omitted). To determine if sufficient evidence exists, we ask whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 (emphasis, internal quotation marks, and citation omitted). "We view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Montoya*, 2021-NMCA-006, ¶ 11, 482 P.3d 1285 (internal quotation marks and citation omitted).

**{14}** HMC Section 9.04.080(B), prohibits "[r]esisting or abusing the [m]unicipal [j]udge or any officer in the lawful discharge of his duties[.]" The district court found Defendant was "ordered to get out of [the officers] way so that they could investigate or arrest the person or persons in the roadway," and that Defendant "refused to do so." Officers

4To the extent the City argues Defendant failed to identify which of the district court's factual findings he was challenging on appeal and thereby waived his challenge to the sufficiency of the evidence supporting his conviction under Rule 12-318(A)(4) NMRA, we disagree. Defendant identified factual findings he challenges on appeal and set forth the underlying facts and the standard of review in his briefing, enabling us to consider his argument on appeal. *State v. Lopez*, 2005-NMSC-036, ¶ 19, 138 N.M. 521, 123 P.3d 754, *overruled on other grounds by State v. Frawley*, 2007-NMSC-057, ¶ 22, 143 N.M. 7, 172 P.3d 144.

Martinez and Gastelum, as well as Defendant, testified to this effect. Because of this, the district court found Defendant was "in the way" of the investigation.

**{15}** Defendant argues the evidence presented does not establish that Defendant "resisted or abused" the officers, nor does it establish that the officers acted in "the lawful discharge of [their] duties."

**{16}** A defendant can "resist and abuse" an officer through various means. For example, a defendant may commit resisting or abusing an officer through physical acts of resistance. *State v. Wade*, 1983-NMCA-084, ¶ 6, 100 N.M. 152, 667 P.2d 459. Additionally, speech directed at the officer that can be called "fighting words," and therefore outside of the protection of the First and Fourteenth Amendments may amount to abusing an officer. *Id.* ¶ 10. Finally, a defendant's refusal to follow a police officer's order, under certain circumstances, may amount to resisting or abusing an officer. *See City of Roswell v. Smith*, 2006-NMCA-040, ¶ 8, 139 N.M. 381, 133 P.3d 271; *State v. Diaz*, 1995-NMCA-137, ¶¶ 4, 16-23, 121 N.M. 28, 908 P.2d 258.

**{17}** Regardless of the method of violation, "a defendant who is effectively 'cornered,' i.e., whose apprehension is imminent, but who, nonetheless, chooses to challenge or forestall his arrest . . . violates [HMC Section 9.04.080(B)]." *State v. Jimenez*, 2017-NMCA-039, ¶ 40, 392 P.3d 668. The record and the district court's factual findings indicate that there was insufficient evidence to establish that Defendant acted in a manner to "challenge or forestall his arrest" at the time Officer Martinez ordered him to leave the scene. *Id.* Rather, the district court found that Defendant argued with the officers and that "no unlawful conduct arises from mere argument." The district court further stated, "[N]othing in these findings [establishes] that [D]efendant committed a crime by criticizing or commenting on actions of officers of the Hobbs Police Department." We agree with the district court that evidence that Defendant argued with the officers, standing alone and given he was not then being arrested, cannot support his conviction under HMC Section 9.04.080(B).

**{18}** The City next argues that the evidence that Defendant failed to obey the order to leave is alone sufficient to support Defendant's conviction. We disagree. The City relies on *Diaz*, 1995-NMCA-137, and *Smith*, 2006-NMCA-040, to support its claim. Both of these cases, however, are distinguishable. Although we held in both *Diaz* and *Smith* that the refusal to obey an order was sufficient to support the defendant's convictions, these cases involved orders given by officers who were called to the scene to intervene in probable criminal activity. The orders, which the defendants refused to obey, were in both cases orders designed to interrupt or end criminal activity. In *Diaz*, officers responded to a domestic dispute between the defendant and his wife. 1995-NMCA-137, ¶ 3. When officers arrived, the defendant and his wife were outside. The defendant was holding a knife and yelling at his wife. *Id.* ¶ 4. Officers drew their firearms, approached the defendant, and ordered him to drop the knife. *Id.* The defendant refused and backed away, still holding the knife. *Id.* There was also evidence that the defendant lunged towards the officers. *Id.* ¶ 20.

**{19}** Similarly, in *Smith*, officers responded to a call for assistance where the defendant was engaged in a loud argument in a Denny's restaurant parking lot. 2006-NMCA-040, ¶ 2. When the officers arrived, they ordered everyone to leave the parking lot. The defendant's car was blocking the exit. *Id.* The defendant refused to move his car and was arrested. *Id.* The defendant argued that the officers were not in the lawful discharge of their duties when they ordered him to leave. *Id.* ¶ 6. This Court held that the officers acted in accordance with their duty to prevent a breach of the peace when ordering the defendant to leave, and held that the evidence was sufficient to convict defendant of obstructing an officer in violation of a Roswell municipal code provision, substantially the same as HMC Section 9.04.080(B).[5] *Smith*, 2006-NMCA-040, ¶¶ 6, 8.

**{20}** Unlike *Diaz* and *Smith*, where the defendants were subject to a police investigation because of a call for police assistance based on suspected or actual criminal conduct, *see Diaz*, 1995-NMCA-137, ¶ 3 and *Smith*, 2006-NMCA-040, ¶ 2, Defendant here was not the subject of the police investigation. There was no testimony to indicate that Defendant had committed a crime or that there was reasonable suspicion of criminal activity committed by Defendant. Officer Martinez testified that Defendant was not under arrest at the time he gave the order. Defendant was simply standing on the sidewalk when the officers arrived. There was no allegation that Defendant was a subject in either the officer's initial vehicle stop half a block away or the second investigation involving the pedestrians in the roadway. Officer Martinez testified that he ordered Defendant to leave the scene because he wanted Defendant to go "somewhere where the crowd can't hear him or where he—if he goes hopefully the crowd will follow him." Officer Martinez also stated that Defendant "was free to go but didn't have to be here." Although Defendant was arrested for concealing identity, for which Defendant was acquitted, Officer Martinez testified that he asked for identification because of Defendant's refusal to leave the scene, not because he suspected Defendant was engaged in criminal activity. "In the absence of an arrest or a lesser detention justified by reasonable suspicion of criminal activity," Officer Martinez "could not justifiably order" Defendant to leave the scene. *State v. Prince*, 1999-NMCA-010, ¶ 18, 126 N.M. 547, 972 P.2d 859; *cf. Smith*, 2006-NMCA-040, ¶ 8 (concluding that sufficient evidence supported the defendant's conviction for obstructing an officer where the defendant was being "lawfully instructed to leave the parking lot to prevent a breach of peace" and such police order was "reasonable and lawful").

**{21}** To the extent that the City argues Defendant's conduct should be considered a breach of the peace, or an imminent breach of the peace, giving reasonable suspicion of criminal activity to justify the order to leave, we do not agree. The district court found that Defendant made a verbal challenge to the officer, and did not threaten violence or other disturbance of the peace. "[A]s a reviewing court, we do not reweigh the evidence or attempt to draw alternative inferences from the evidence." *State v. Estrada*, 2001-NMCA-034, ¶ 41, 130 N.M. 358, 24 P.3d 793. Accepting the district court's findings, we agree that a verbal challenge unaccompanied by a threat of violence is not unlawful conduct and does not rise to the level of criminal activity as a matter of law. *See State v.*

---

[5]Roswell, N.M. Code of Ordinances ch. 10, art. V, § 10-48 (1984, amended 2021) prohibits "[r]esisting, obstructing or abusing any . . . peace officer in the lawful discharge of his duties."

*Doe*, 1978-NMSC-072, ¶ 6, 92 N.M. 100, 583 P.2d 464 (reversing the defendant's conviction for disturbing the peace because questioning police in a loud voice with fists clenched without evidence of violence or that the defendant was inciting violence is insufficient to show a breach of the peace).

{22}     Finally, our review of the record and district court's factual findings indicate there was insufficient evidence to establish that Defendant interfered with the officer's investigation of two men in the roadway. Although the district court found Defendant "was in the way" of officers of the Hobbs Police Department, Defendant was "at a distance" from the investigation and there is no finding to indicate that Defendant engaged in any conduct that directly interfered with the investigation. A verbal exchange, unaccompanied by actual activity interfering with the officers' investigation, is not a crime. Although Officer Gastelum stated that he could hear Defendant yelling during his investigation, the yelling did not interfere with his ability to clearly hear the responses of the man he was investigating. Officer Gastelum testified that he did not remember what Defendant was saying, only that he was yelling. Yelling while an officer conducts an investigation is insufficient to establish a defendant's interference with an officer unless the language rises to the level of "fighting words." *See Wade*, 1983-NMCA-084, ¶¶ 17-18 (stating that screaming obscenities, waiving arms, and yelling at officers did not amount to interfering or fighting words under Section 30-22-1(D), particularly when addressed to police officers, who are supposed to exercise restraint); *Prince*, 1999-NMCA-010, ¶¶ 17-18 (stating that without evidence of threats against the officer, raised voices do not constitute resisting or interfering under Section 30-22-1(D).

{23}     For all the foregoing reasons, we conclude that Defendant's conduct, including his refusal to leave the scene, was insufficient to support a conviction for resisting, evading, or obstructing a police officer.

**CONCLUSION**

{24}     Accordingly, we reverse Defendant's conviction and remand with instructions to vacate his conviction.

{25}     **IT IS SO ORDERED.**

**JACQUELINE R. MEDINA, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JENNIFER L. ATTREP, Judge**