2001–NMCA–023

25 P.3d 270

**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**Myrvin NYSUS, Defendant–Appellant.**

No. 21,869.

Court of Appeals of New Mexico.

March 25, 2001.

Certiorari Denied, No. 26,898,
May 7, 2001.

Patricia A. Madrid, Attorney General, Santa Fe, NM, for Appellee.

Phyllis H. Subin, Chief Public Defender, Thomas DeMartino, Assistant Public Defender, Albuquerque, NM, for Appellant.

## OPINION

WECHSLER, Judge.

{1} Defendant appeals the district court order affirming his metropolitan court conviction for violation of a restraining order. The State conceded that Defendant's extradition to New Mexico from Texas was illegal. Defendant argues that this illegality deprived the metropolitan court of personal jurisdiction. He also challenges the sufficiency of the evidence to support his conviction pursu-

ant to *State v. Franklin,* 78 N.M. 127, 129, 428 P.2d 982, 984 (1967), and *State v. Boyer,* 103 N.M. 655, 658–60, 712 P.2d 1, 4–6 (Ct. App.1985). The calendar notice proposed summary affirmance and Defendant filed a memorandum opposing the proposed disposition.

{2} We determine that the New Mexico constitution does not provide greater due process rights than the federal constitution in this context and that the metropolitan court was not deprived of personal jurisdiction over Defendant because of his illegal extradition. We also affirm the sufficiency of the evidence to support his conviction.

*Personal Jurisdiction .*

 {3} Because the relevant facts are undisputed, this Court reviews the challenge to the metropolitan court's jurisdiction de novo. *See generally Caba Ltd. Liab. Co. v. Mustang Software, Inc.,* 1999–NMCA–089, ¶ 9, 127 N.M. 556, 984 P.2d 803.

 {4} Relying on *Benally v. Marcum,* 89 N.M. 463, 553 P.2d 1270 (1976) (*Benally I* ), Defendant challenges the denial of his motion to dismiss. In *Benally I,* the Court determined that a state district court did not have jurisdiction over a Native American illegally arrested on Indian land. *See id.* at 466–67, 553 P.2d at 1273–74. Defendant urges this Court to broaden the application of *Benally I* to apply to all defendants who are illegally before a trial court. He argues that the federal doctrine, articulated in the cases of *Ker v. Illinois,* 119 U.S. 436, 440, 7 S.Ct. 225, 30 L.Ed. 421 (1886), and *Frisbie v. Collins,* 342 U.S. 519, 522, 72 S.Ct. 509, 96 L.Ed. 541 (1952), and adopted by New Mexico cases, is flawed. He also asserts that New Mexico cases have demonstrated a willingness to undertake an independent analysis of state constitutional guarantees when federal law is flawed.

{5} In making this argument, Defendant concedes that the holding in *Benally I* has been limited by New Mexico case law to apply only to Native Americans illegally arrested on Indian land because of the unique circumstances of tribal sovereignty. *See City of Farmington v. Benally,* 119 N.M. 496, 499, 892 P.2d 629, 632 (Ct.App.1995) (*Benally II* ). Defendant also acknowledges that his argument runs counter to traditional New Mexico case law that has consistently held that the jurisdiction to try a person is not divested because the person's arrest was illegal. *See State v. Nolan,* 93 N.M. 472, 474–75, 601 P.2d 442, 444–45 (Ct.App.1979) (determining that *Benally I* did not apply when a defendant was illegally arrested in Texas and waived extradition to New Mexico); *State v. Cochran,* 79 N.M. 640, 642, 447 P.2d 520, 522 (1968); *State v. Losolla,* 79 N.M. 296, 297–98, 442 P.2d 786, 787–88 (1968); *State v. Wise,* 58 N.M. 164, 165, 267 P.2d 992, 992 (1954); *State v. Millican,* 84 N.M. 256, 257, 501 P.2d 1076, 1077 (Ct.App. 1972); *State v. Halsell,* 81 N.M. 239, 240, 465 P.2d 518, 519 (Ct.App.1970).

{6} Nevertheless, Defendant contends that the federal doctrine encourages violations of the New Mexico Extradition Act and taints the judicial process and that New Mexico's due process clause should provide greater protection than federal law. While New Mexico law may provide greater protections than federal law under certain circumstances, we are not persuaded that it should in this case. *See generally State v. Gomez,* 1997–NMSC–006, ¶ 21, 122 N.M. 777, 932 P.2d 1. As recently as 1995, this Court has recognized that a state may exercise personal jurisdiction over a defendant who has been illegally arrested and returned for criminal prosecution. *Benally II,* 119 N.M. at 499, 892 P.2d at 632.

{7} We are not persuaded by Defendant's argument that our Supreme Court's rejection of the good-faith exception in the search and seizure context indicates that New Mexico should abandon the long-standing rule that an illegal arrest does not deprive a court of jurisdiction. *Cf. State v. Gutierrez,* 116 N.M. 431, 445–47, 863 P.2d 1052, 1066–68 (1993) (rejecting the adoption of a good-faith exception to the exclusionary rule). Similarly, we are not persuaded that the ruling in *State v. Vallejos,* 1997–NMSC–040, ¶ 11, 123 N.M. 739, 945 P.2d 957, recognizing the propriety of dismissal on entrapment grounds on a finding either that police conduct exceeded the standards of proper investigation or cre-

ated a substantial risk of ensnaring an ordinary person, should lead this Court to abandon the federal doctrine and broaden *Benally I* to apply to all defendants illegally brought before a trial court.

{8} Unlike the common law that created the exclusionary rule and the entrapment defense, New Mexico's Extradition Act provides specific penalties in the form of criminal prosecution and monetary fines for violating the rights of the accused. *See* NMSA 1978, § 31–4–11 (1937). It is unnecessary to invoke the extreme sanction of depriving a court of jurisdiction in order to safeguard those rights, particularly in contravention of long-standing and recently reaffirmed precedent.

{9} Nor are we persuaded by the analysis in *United States v. Toscanino*, 500 F.2d 267, 275 (2d Cir.1974), cited by Defendant, that the federal doctrine is fatally flawed. In *Toscanino*, the court reversed a defendant's conviction and remanded for a hearing on defendant's allegations that he was brought into the United States after being abducted in Uruguay, determining that the criminal process would be abused or degraded if executed against the defendant under those circumstances. *See id.*

{10} In this case, in contrast, there is no allegation of abduction or other outrageous conduct. There is simply a violation of the Extradition Act. On these facts, we believe that other courts' rejection of the *Toscanino* rationale is particularly persuasive. As succinctly stated in *United States v. Matta–Ballesteros*, 71 F.3d 754, 762–63 (9th Cir. 1995), the attempt to expand due process rights in the realm of foreign abductions has been cut short by the United States Supreme Court, which has consistently reaffirmed that the manner in which a defendant is brought to trial does not affect the government's ability to try the defendant. *See, e.g., United States v. Alvarez–Machain*, 504 U.S. 655, 660–62, 112 S.Ct. 2188, 119 L.Ed.2d 441 (1992). In 1992, our own Court noted that *Toscanino* has been questioned by other courts, rejecting the defendant's contention in that case that his mistreatment while in custody in Mexico should deprive New Mexico's courts of authority to prosecute him.

*See State v. Gibson*, 113 N.M. 547, 557, 828 P.2d 980, 990 (Ct.App.1992).

{11} As a consequence, we do not believe that the federal doctrine adopted by New Mexico is incorrect or that the New Mexico constitution should provide greater protections than the federal constitution on the issue of personal jurisdiction over a defendant who was merely illegally arrested or merely brought to New Mexico in contravention of the Extradition Act. We affirm the jurisdiction of the metropolitan court over Defendant.

*Sufficiency of the Evidence*

{12} We also affirm the sufficiency of the evidence to support Defendant's conviction. Defendant's former wife testified that Defendant called her at her place of work, identifying himself and asking if their daughter was with her. Defendant's former wife testified that there was no doubt that the caller was Defendant. Defendant argues that the telephone call was de minimus and is insufficient to support his conviction for violating a protective order that prohibited Defendant from having any contact with his former wife. *See Franklin*, 78 N.M. at 129, 428 P.2d at 984, and *Boyer*, 103 N.M. at 658–60, 712 P.2d at 4–6.

{13} The order prohibited any contact and did not make an exception for "de minimus" contact. Defendant's telephone call to Defendant's former wife violated the order. We affirm the sufficiency of the evidence to support Defendant's conviction. *See generally State v. Apodaca*, 118 N.M. 762, 765–66, 887 P.2d 756, 759–60 (1994).

*Conclusion*

{14} Defendant's conviction is affirmed.

{15} **IT IS SO ORDERED.**

WE CONCUR: LYNN PICKARD, Judge, and M. CHRISTINA ARMIJO, Judge.