This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**

Plaintiff-Appellee,

**v.**                                                                 **No. 32,228**

**RICKY GERARD STALLINGS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**SUTIN, Judge.**

{1}      Pursuant to a joint plea and disposition agreement, Defendant pleaded guilty

to receiving or transferring a stolen vehicle, receiving stolen property, larceny, and escape or attempt to escape from jail. [RP 108-09, D-1116-CR-2007-00657] On appeal, Defendant contends that (1) the failure to afford Defendant extradition due process resulted in an improper search and seizure of Defendant [DS 3], and (2) Defendant was not advised of the dangers of representing himself or afforded reasonable access to resources in order to prepare his defense [DS 4]. This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

{2}     In this Court's calendar notice we pointed out that "a voluntary guilty plea ordinarily constitutes a waiver of the defendant's right to appeal his conviction on other than jurisdictional grounds." *State v. Hodge*, 118 N.M. 410, 414, 882 P.2d 1, 5 (1994). Because Defendant's plea agreement did not reserve any issues for appeal, we suggested that Defendant was limited to raising jurisdictional issues. We further proposed to conclude that Defendant's claims of improper extradition process and lack of resources were not jurisdictional and were therefore waived by Defendant's guilty plea. *See State v. Nysus*, 2001-NMCA-023, ¶ 8, 130 N.M. 431, 25 P.3d 270 ("New Mexico's Extradition Act provides specific penalties in the form of criminal prosecution and monetary fines for violating the rights of the accused. It is

unnecessary to invoke the extreme sanction of depriving a court of jurisdiction in order to safeguard those rights[.]").

{3}     Defendant has filed a memorandum in opposition, but does not address this Court's proposed summary affirmance on the ground that Defendant is limited, by virtue of his plea, to raising jurisdictional issues and the arguments raised are not jurisdictional. *See State v. Ibarra*, 116 N.M. 486, 489, 864 P.2d 302, 305 (Ct. App. 1993) ("A party opposing summary disposition is required to come forward and specifically point out errors in fact and/or law."). Accordingly, for the reasons stated in this Court's notice of proposed disposition, we affirm.

{4}     **IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**


**WE CONCUR:**


_____
**RODERICK T. KENNEDY, Chief Judge**


_____
**JAMES J. WECHSLER, Judge**

3