# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**Opinion Number: 2019-NMCA-059**

**Filing Date: June 25, 2019**

**No. A-1-CA-35234**

**STATE OF NEW MEXICO,**

      Plaintiff-Appellee,

v.

**PAUL A. CAIN,**

      Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF OTERO COUNTY**
**Angie K. Schneider, District Judge**

Certiorari Denied, September 10, 2019, No. S-1-SC-37826. Released for Publication October 29, 2019.

Hector H. Balderas, Attorney General
Santa Fe, NM
Laurie Pollard Blevins, Assistant Attorney General
Albuquerque, NM

for Appellee

Paul A. Cain
Chaparral, NM

Pro Se Appellant

## OPINION

**DUFFY, Judge.**

**{1}** Defendant was found guilty of two counts of failure to register as a sex offender under New Mexico's Sexual Offender Registration and Notification Act (SORNA), NMSA 1978, Section 29-11A-4 ) (2005, amended 2013). We hold that the two convictions violated Defendant's right to be free from double jeopardy and remand to the district court to vacate one of Defendant's convictions. We reject the remainder of Defendant's arguments on appeal.

**BACKGROUND**

**{2}** Defendant was convicted of third degree criminal sexual penetration on September 5, 2008. Thereafter, he was required to register as a sex offender pursuant to SORNA, which required that he register every ninety days and also within ten days of changing his address. *See* Section 29-11A-4 (F), (L)[1]; *see also* UJI 14-990 NMRA (sex offender registration and notification chart). In 2012, Defendant failed to comply with both requirements. Defendant had last registered on March 7, 2012, and his next ninety-day deadline to re-register was June 7, 2012. Section 29-11A-4(L)(1). In that period, Defendant was evicted and required to move out of his home by June 17, 2012, thus triggering a separate requirement that he register his new address within ten days of his move. Section 29-11A-4(F) (2005). Defendant missed both deadlines and did not register again until July 11, 2012. Defendant was arrested and elected to proceed, pro se, with a bench trial. The district court convicted Defendant on November 10, 2015, of two counts of failing to register as a sex offender and sentenced him to three years' incarceration.

**DISCUSSION**

**{3}** Defendant, representing himself pro se at trial and on appeal, raises numerous claims of error. This Court, in its notice of assignment to the general calendar, requested that the parties discuss any double jeopardy implications arising from Defendant's convictions. Along with double jeopardy, Defendant raises sixteen additional claims of error. We address the double jeopardy issue and other claims properly raised on appeal, but decline to review the remaining unpreserved and undeveloped claims. In *Lukens v. Franco*, our Supreme Court stated,

> We remind counsel that we are not required to do their research, and that this Court will not review issues raised in appellate briefs that are unsupported by cited authority. When a criminal conviction is being challenged, counsel should properly present this court with the issues, arguments, and proper authority. Mere reference in a conclusory statement will not suffice and is in violation of our rules of appellate procedure.

2019-NMSC-002, ¶ 5, 433 P.3d 288 (quoting *State v. Clifford*, 1994-NMSC-048, ¶ 19, 117 N.M. 508, 873 P.2d 254)); *Newsome v. Farer*, 1985-NMSC-096, ¶ 18, 103 N.M. 415, 708 P.2d 327 ("Although pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." (emphasis and citation omitted)).

**I. Double Jeopardy**

---

1 The SORNA was amended in 2013, after Defendant was charged but before he went to trial. The 2013 amendment to Subsection (F) reduced the time to file a change of address notification from ten days to five days. Section 29-11A-4. Subsection (L) was not modified.

**{4}** Defendant was convicted of two counts of violating Section 29-11A-4, and argues on appeal that his convictions violate his right to be free from double jeopardy. "The defense of double jeopardy may not be waived and may be raised by the accused at any stage of a criminal prosecution, either before or after judgment." NMSA 1978, § 30-1-10 (1963). "A double jeopardy claim is a question of law that we review de novo." *State v. Bernal*, 2006-NMSC-050, ¶ 6, 140 N.M. 644, 146 P.3d 289.

**{5}** "The Fifth Amendment . . . . functions in part to protect a criminal defendant against multiple punishments for the same offense." *State v. Swick*, 2012-NMSC-018, ¶ 10, 279 P.3d 747 (internal quotation marks and citations omitted). "This prohibition relates to two general categories of cases: cases in which a defendant has been charged with multiple violations of a single statute based on a single course of conduct, known as 'unit of prosecution' cases; and cases in which a defendant is charged with violations of multiple statutes for the same conduct, known as 'double-description' cases." *State v. DeGraff*, 2006-NMSC-011, ¶ 25, 139 N.M. 211, 131 P.3d 61. Because Defendant is charged with two violations of the same statute, this is a unit-of-prosecution case. *See Swick*, 2012-NMSC-018, ¶ 33 (applying unit of prosecution analysis to two convictions based on different subsections of the same statute); *State v. Bello*, 2017-NMCA-049, ¶ 9, 399 P.3d 380 (noting that "double jeopardy claims based on multiple violations of different subsections under one statute" are analyzed "using the unit of prosecution standard analysis").

> To determine the Legislature's intent with respect to the unit of prosecution for a criminal offense, we apply a two-step test. First, we review the statutory language for guidance on the unit of prosecution. The plain language of the statute is the primary indicator of legislative intent. If the statutory language spells out the unit of prosecution, then we follow the language, and the unit-of-prosecution inquiry is complete. If the language is not clear, then we move to the second step, in which we determine whether a defendant's acts are separated by sufficient indicia of distinctness to justify multiple punishments under the same statute. If the acts are not sufficiently distinct, then the rule of lenity mandates an interpretation that the legislature did not intend multiple punishments, and a defendant cannot be punished for multiple crimes.

*State v. Ramirez*, 2018-NMSC-003, ¶ 47, 409 P.3d 902 (internal quotation marks and citations omitted). Accordingly, in discerning the Legislature's intent, we first look to the statutory language for guidance on the unit of prosecution.

**{6}** The Legislature set forth the unit of prosecution within SORNA by stating that "[t]he willful failure to comply with any registration or verification requirement set forth in this section shall be deemed *part of a continuing transaction or occurrence*." Section 29-11A-4(P) (emphasis added).[2] The Legislature's use of "any" indicates that it contemplated that more than one violation may occur within a given period of non-compliance before the offender next registers, and expressly states that those violations

---

2 The 2005 version of SORNA contained identical language in Section 29-11A-4(N).

are treated as part of a single, ongoing transaction or occurrence. *Cf. Ramirez*, 2018-NMSC-003, ¶ 53 ("Significantly, our Legislature chose not to employ the phrase 'any child' or the word 'children' in place of 'a child.' Had it done so, Section 30-6-1(D)(1) would have expressly contemplated that more than one child may be affected by a single course of abuse by endangerment[.]"). Thus, when a sex offender fails to register after changing his address in violation of Section 29-11A-4(F) and also fails to register within the ninety-day time period in violation of Section 29-11A-4(L)(1), the Legislature defines those failures as "part of a continuing transaction or occurrence" such that Defendant may only be charged with one offense. Section 29-11A-4(P).

**{7}** While the State argues that *State v. Valencia*, 416 P.3d 1275, 1280 (Wash. Ct. App. 2018), supports a contrary outcome, we note that Washington's version of the SORNA expressly provides that defendants may be charged separately for multiple violations in some circumstances. Wash. Rev. Code Ann. § 9A.44.130(4)(c) (West 2010) (providing that failure to register following arrest or service of criminal complaint for failure to register "constitutes grounds for filing another charge of failing to register"). Because the statute contains a unit of prosecution contrary to our own, *Valencia* is not persuasive in interpreting our SORNA. We hold that Defendant's two convictions under Section 29-11A-4 violate double jeopardy, and thus remand with instructions to vacate one of Defendant's convictions and for resentencing as may be necessary.

## II. Remaining Issues

### A. Subject Matter Jurisdiction

**{8}** Defendant argues that the district court did not have jurisdiction to impose criminal penalties because SORNA is a civil statute. Defendant filed two motions to dismiss below, both asserting that the district court lacked jurisdiction to punish Defendant criminally. The Legislature, however, has specifically provided for criminal penalties as part of SORNA. *See* § 29-11A-4(P), (Q) (making violations of the registration or verification requirements of SORNA a fourth degree felony). Moreover, we have previously addressed the district court's subject matter jurisdiction, stating that SORNA "confers criminal jurisdiction on the district court to hear cases brought by the State when a sex offender has either willfully failed to register or has provided false information when registering." *State v. Brothers*, 2002-NMCA-110, ¶ 19, 133 N.M. 36, 59 P.3d 1268. Defendant fails to address our holding in *Brothers* and offers no argument or authority requiring us to reach a different result here. We hold that the district court had subject matter jurisdiction to impose criminal penalties for Defendant's failures to register.

### B. Illegal Warrant

**{9}** Defendant argues that his arrest was illegal because it was based on an "illegal warrant." Defendant preserved this issue by filing a motion to dismiss in the district court. We understand Defendant to argue that he was illegally arrested in Texas on a warrant authorizing his arrest only in New Mexico. As an initial matter, the State points

out that two separate warrants were issued in this case. The first warrant issued on July 10, 2012, and resulted from Defendant's failure to register under SORNA. It stated, "[e]xtradite New Mexico only." The second warrant issued on August 3, 2012, as a result of Defendant's parole violation, and contained no similar limitation on extradition. Defendant was arrested in Texas on the second warrant and, pursuant to NMSA 1978, Section 31-21-14(A) (1963), we see no violation in Defendant's arrest. *See id.* (authorizing the issuance of an arrest warrant for a released prisoner for violation of conditions of release, and providing that "[i]f the prisoner is out of the state, the warrant shall authorize the superintendent to return him to the state").

**{10}** With respect to Defendant's complaint that proper extradition procedures were not followed, we note that Defendant signed a waiver of extradition, agreeing to be transported to New Mexico to answer the charges against him, and he therefore waived his right to challenge any alleged failure to comply on appeal. We further point out, as the State did below, that even if Defendant's arrest was illegal or otherwise not authorized, our case law does not support dismissal of the charges against him. *See State v. Nolan*, 1979-NMCA-116, ¶¶ 8-9, 93 N.M. 472, 601 P.2d 442 (holding that dismissal of charges against the defendant was not warranted even assuming his arrest was illegal); *see also State v. Nysus*, 2001-NMCA-023, ¶ 5, 130 N.M. 431, 25 P.3d 270 (stating that "the jurisdiction to try a person is not divested because the person's arrest was illegal").

## C.     Right to Be Represented by Counsel and Right to Proceed Pro Se

**{11}** Although Defendant expressly waived his right to an attorney before trial, he argues that he was denied his right to counsel and levies two claims of error: (1) that he was entitled to be represented by counsel at the earliest possible time and the public defender failed to do so; and (2) that the district court erred in allowing him to represent himself.

**{12}** The district court did not officially appoint a public defender for Defendant until the hearing on the State's motion to determine counsel, which occurred about five months after Defendant's arraignment. Defendant argues that counsel should have been appointed for him earlier. We are not persuaded. A public defender was present and represented Defendant at his arraignment on September 10, 2012. Although he was given a packet to apply for a public defender, he failed to complete the paperwork. Nevertheless, a public defender was present and appeared for Defendant at the hearing on the State's motion to determine counsel on February 28, 2013. When asked by the trial court, Defendant stated that he was reluctant to have a court-appointed attorney and that he had refused to fill out the paperwork. Despite Defendant's reluctance, the district court issued an order assigning the Law Office of the Public Defender to represent Defendant. In the period between Defendant's arraignment and the hearing on the State's motion to determine counsel, the only actions appearing in the record were the district court's scheduling order and an order setting plea deadlines—nothing that would have required a court appearance or Defendant's participation. Thus, the record reflects that Defendant had representation at all proceedings prior to the official

appointment of counsel, and any delay in acquiring representation resulted from Defendant's intentional failure to submit a required application. We find no error in Defendant's first argument.

**{13}** Defendant also claims that the district court erred in allowing him to dismiss his public defender and proceed pro se, arguing that he did not want to dismiss his attorney for the remainder of his trial, but rather only wanted to appear pro se to "assist in his defense" by presenting one issue regarding jurisdiction to the district court. "[A] defendant should be accorded the right of self-representation when he or she is able to make a knowing and intelligent waiver of counsel." *State v. Chapman*, 1986-NMSC-037, ¶ 9, 104 N.M. 324, 721 P.2d 392 (citing *Faretta v. California*, 422 U.S. 806, 835 (1975)).

**{14}** To determine whether a defendant is making a voluntary, knowing, and intelligent waiver, "the court must inform itself regarding a defendant's competency, understanding, background, education, training, experience, conduct and ability to observe the court's procedures and protocol." *Chapman*, 1986-NMSC-037, ¶ 10. In *State v. Castillo*, 1990-NMCA-043, ¶ 9, 110 N.M. 54, 791 P.2d 808, we stated that

> the trial court must insure that [a] defendant has been informed of the nature of the charges, the statutory offenses included within them, the range of allowable punishments, possible defenses or mitigating factors that might be available to the defendant, and it must also admonish him that he will be expected to follow the rules of evidence and courtroom procedure.

The record reveals that the district court followed *Castillo.* The district court specifically advised Defendant about the charges against him and the possible sentences in the event of a guilty verdict, and Defendant asserted that he understood. The district court further advised Defendant that if he proceeded pro se, he would be representing himself through the entire proceeding, not just on the jurisdictional motion. The district court went on to explain to Defendant that he had a right to counsel, he could hire a different attorney if he wished, and that he would be held to the same standard as an attorney. The district court asked about Defendant's education, special learning needs, if any, or other mental health issues that would affect his ability to comprehend the proceedings. The district court told Defendant that there was a risk that he would not identify an issue for appeal that Defendant's attorney might have caught if Defendant had been represented, and Defendant said he was willing to assume that risk. The district court said Defendant's attorney would stay on as standby counsel but that the attorney would not make any arguments to the court, and Defendant said he understood. Later, the district court said, "[M]y concern is that you're doing this so that you can—solely for the purpose of making your jurisdiction argument, your jurisdictional argument, and that's a small sliver of what can take place today . . . the consequences of the outcome of today go well beyond that . . . I want to be clear—there's a lot more that can happen today than just that one argument that you feel so strongly about making. Do you understand that?" Defendant replied, "Yes, ma'am, I understand that, I was prepared to go pro se

before [my public defender] was appointed." The court asked if anyone was "forcing you" to do this, and Defendant responded, "[N]o." Defendant signed a waiver of counsel.

**{15}** Defendant was adequately advised of the hazards of self-representation and we conclude in accordance with our case law that Defendant voluntarily, knowingly, and intelligently waived his right to counsel. *See State v. Reyes*, 2005-NMCA-080, ¶¶ 9-10, 137 N.M. 727, 114 P.3d 407. Accordingly, we perceive no error in permitting Defendant to proceed pro se pursuant to his request.

### D.     Ineffective Assistance of Counsel

**{16}** Defendant also claims ineffective assistance of counsel on appeal, arguing that his attorney "failed to research the jurisdiction issue and failed to submit subpoenas for [Defendant's] witnesses." "Although we are reluctant to consider an ineffective assistance of counsel claim on appeal without an evidentiary hearing, we generally do not demand preservation of the issue because effective assistance of counsel is a fundamental right[.]" *Garcia v. State*, 2010-NMSC-023, ¶ 28, 148 N.M. 414, 237 P.3d 716. "We review the legal issues involved with claims of ineffective assistance of counsel de novo." *State v. Crocco*, 2014-NMSC-016, ¶ 11, 327 P.3d 1068.

> When an ineffective assistance claim is first raised on direct appeal, [appellate courts] evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance.

*Id.* ¶ 14 (internal quotation marks and citation omitted). "In order to be entitled to relief on the basis of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense." *State v. Trammell*, 2016-NMSC-030, ¶ 16, 387 P.3d 220 (internal quotation marks and citation omitted).

**{17}** First, Defendant faults both his attorney and the district court for failing to submit subpoenas for Defendant's witnesses at trial. Defendant signed a waiver of counsel on August 18, 2015, and thereafter proceeded pro se until his trial on November 10, 2015. Defendant filed his own witness list on August 24, 2015, but failed to issue any subpoenas to compel his witnesses to appear at trial pursuant to Rule 5-511(A)(3) NMRA, which states that "The clerk shall issue a subpoena, signed but otherwise in blank, to a party requesting it, who shall complete it before service." At trial, Defendant notified the district court that "his witnesses were not at the court. [The district court] told [Defendant] that it is his responsibility as a pro se defendant to subpoena and contact his own witnesses to appear at trial." Defendant, "having chosen to represent himself, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." *Newsome*, 1985-NMSC-096, ¶ 18. We find no error

by Defendant's attorney or the district court in connection with Defendant's failure to subpoena his witnesses.

**{18}** With respect to Defendant's second claim of error—that his attorney failed to research the jurisdictional issue—Defendant fails to establish prejudice. As we discussed above, Defendant's jurisdictional question fails as a matter of law. Because Defendant has not demonstrated that his defense was prejudiced by his counsel's alleged errors, we conclude that Defendant has failed to establish a prima facie case of ineffective assistance of counsel.

## E.    Discovery

**{19}** Defendant argued below and on appeal that his parole officer, Aida Ramos, took "field notes," which he alleged would prove that Ms. Ramos had told Defendant that he did not need to register until July 5. He alleges Ms. Ramos failed to disclose these notes, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

**{20}** Defendant's attorney filed a motion to compel the State to produce the notes. At the hearing on the motion, Defendant's standby counsel said that Defendant still did not have the notes. The prosecutor responded that all of the notes in the State's possession had already been tendered, including the field notes. Defendant took no further action after the hearing regarding the field notes and did not indicate at any time before his closing argument that he believed that the discovery was still incomplete.

**{21}** At trial, the district court asked if Defendant was ready to proceed, and he responded affirmatively. The State called Ms. Ramos as a witness, and although Defendant had an opportunity to cross-examine Ms. Ramos about her notes, he elected to not cross-examine her at all. Instead, Defendant brought up the notes in his closing statement, saying he still did not have them. The district court responded, "that's a part of the record, we've already addressed that issue." Defendant has not shown that the State violated its disclosure obligations or failed to produce the field notes, and consequently, we perceive no error in the district court's resolution of Defendant's discovery claims.

## F.    Issues Not Adequately Developed for Appellate Review

**{22}** We summarily address several issues that are undeveloped for appellate review. *See Clayton v. Trotter*, 1990-NMCA-078, ¶¶ 16-17, 110 N.M. 369, 796 P.2d 262 (stating that the appellate court will review the arguments of self-represented litigants to the best of its ability, but cannot respond to unintelligible arguments).

**{23}** First, Defendant's brief includes vague references to the constitutionality of SORNA and his due process rights, but includes no explanation of those arguments. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("This Court requires that the parties adequately brief all appellate issues to include an argument, the standard of review, and citations to authorities for each issue

presented. . . . We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citations omitted)); Moreover, we have already reviewed and affirmed the constitutionality of SORNA, and we decline to depart from that decision here. *See also State v. Druktenis*, 2004-NMCA-032, ¶ 2, 135 N.M. 223, 86 P.3d 1050 (affirming the constitutionality of SORNA).

**{24}**   Second, Defendant raised "sufficiency of evidence" in his brief-in-chief; thus, we presume he sought to raise a sufficiency of the evidence challenge on appeal. However, this section of his brief consists only of two citations to federal cases and no argument, no citation to the record, and does not identify any deficiency in the evidence or articulate a basis for reversal. *State v. Fuentes*, 2010-NMCA-027, ¶ 29, 147 N.M. 761, 228 P.3d 1181 (explaining that this Court does not review unclear or undeveloped arguments on appeal that would require this Court to guess at what a party's arguments might be).

**{25}**   Third, Defendant argues that he had a right to an interlocutory appeal concerning the jurisdictional issue, and that the district court erred in failing to inform him of a statute applicable to interlocutory appeals in criminal trials—NMSA 1978, Section 39-3-3(A)(3) (1972). Defendant raised the jurisdictional issue in a motion to dismiss while representing himself pro se, and after the district court denied his motion, he failed to file an application for interlocutory appeal in this Court. Defendant cites no authority for the proposition that a district court is required to advise and educate a pro se litigant on appellate procedure, nor are we aware of any. Indeed, we have often stated that "a pro se litigant is not entitled to special privileges because of his pro se status." *Bruce v. Lester*, 1999-NMCA-051, ¶ 4, 127 N.M. 301, 980 P.2d 84. "Defendant, who has chosen to represent himself, must comply with the rules and orders of the court, and will not be entitled to greater rights than those litigants who employ counsel." *Id.*

**{26}**   Fourth, Defendant captioned a section of his brief, "collateral order doctrine" and states that "[i]t is within the [appellate] court's discretion to consider the error preserved below and presented in appellant's brief after having been omitted from the docketing statement." In this opinion, however, we have considered each of Defendant's arguments, we have addressed all of the arguments that were properly preserved and developed for appeal, and have declined to address only those arguments that Defendant failed to adequately develop for appellate review. *State v. Gonzales*, 2011-NMCA-007, ¶ 19, 149 N.M. 226, 247 P.3d 1111 (stating that "this Court has no duty to review an argument that is not adequately developed").

**{27}**   Finally, Defendant raises various claims of error, including "fair trial," "fundamental rights," and "plain error." In each of these sections, Defendant quotes portions of state and federal cases, but provides no argument, no citation to the record, and fails to identify any specific claim of error with respect to his trial. *See State v. Ortiz*, 2009-NMCA-092, ¶ 32, 146 N.M. 873, 215 P.3d 811 (noting that it is the party's responsibility to connect legal theories to the pertinent elements and the factual support for those elements and that this Court may decline to review undeveloped arguments on

appeal). Because these arguments are not sufficiently developed, we do not address them.

## G. Issues Not Preserved

**{28}** Lastly, we address several issues for which Defendant failed to include any citation to the record to indicate that they were preserved below. These include whether Defendant was subject to entrapment**,** whether there was an unconstitutional deprivation of Defendant's "good time," and whether the New Mexico Corrections Department has regulations that are unconstitutional. "We generally do not consider issues on appeal that are not preserved below." *State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 (internal quotation marks and citation omitted). "To preserve an issue for review it must appear that a ruling or decision by the trial court was fairly invoked." Rule 12-321(A) NMRA. "In order to preserve an issue for appeal, a defendant must make a timely objection that specifically apprises the trial court of the nature of the claimed error and invokes an intelligent ruling thereon." *State v. Montoya*, 2015-NMSC-010, ¶ 45, 345 P.3d 1056 (internal quotation marks and citation omitted). In his briefing, Defendant must point the appellate court to where in the record the issues raised on appeal were preserved below. Rule 12-318(A)(4) NMRA ("The brief in chief of the appellant . . . shall contain . . . a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings, or exhibits relied on."). This Court will not search the record to find whether an issue was preserved where defendant did not refer to appropriate transcript references. *See State v. Rojo*, 1999-NMSC-001, ¶ 44, 126 N.M. 438, 971 P.2d 829. As Defendant has failed to indicate how these issues were preserved for appellate review or that a preservation exception is applicable, we do not address these arguments on appeal. *See State v. Lucero*, 1999-NMCA-102, ¶ 43, 127 N.M. 672, 986 P.2d 468 (declining to address argument on appeal because the defendant failed to indicate how the issue was preserved for review).

## CONCLUSION

**{29}** For the foregoing reasons, we reverse one of Defendant's convictions under Section 29-11A-4 and remand to the district court with instructions to vacate one of Defendant's convictions and resentence Defendant as may be necessary.

**{30} IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**CYNTHIA A. FRY, Judge Pro Tempore**