This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

### IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-41284**

**KERRY KRUSKAL,**

　　　　Plaintiff-Appellant,

v.

**ALAN MAESTAS; MAESTAS LAW FIRM, P.C. f/k/a MAESTAS AND BOOTHBY, P.C.; KIMBERLY ALDERMAN; DWIGHT THOMPSON; JONATHAN HULL; PAULA GANZ; and SANTIAGO CHAVEZ,**

　　　　Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Maria Sanchez-Gagne, District Court Judge**

Kerry Kruskal
Arroyo Seco, NM

Pro Se Appellant

Resnick & Louis, P.C.
John S. Campbell
Albuquerque, NM

for Appellees Alan Maestas, Maestas Law Firm, P.C.

f/k/a Maestas & Bothby, P.C., Kimberly Alderman, Paula Gantz, and Santiago Chavez

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Noell S. Huffmyer
Edward Ricco
Seth L Sparks
Albuquerque, NM

for Appellee Dwight Thompson

**MEMORANDUM OPINION**

**DUFFY, Judge.**

**{1}**     Plaintiff Kerry Kruskal appeals from a number of district court orders on five general grounds. Plaintiff argues that the district court (1) deprived him of due process by dismissing his timely filings, (2) deprived him of procedural fairness by deviating from timelines, (3) erred in denying him the opportunity to depose one of the parties, (4) inconsistently applied scheduling orders, and (5) failed to apply settled principles of law. Concluding that Plaintiff has not shown error requiring reversal, we affirm.

**BACKGROUND**

**{2}**     Plaintiff asserted claims for legal malpractice, fraud, and fraudulent or negligent misrepresentation in connection with four cases handled by Defendants Maestas Law Firm, P.C., Alan Maestas, Kimberly Alderman, Dwight Thompson, Jonathan Hull, Paula Ganz, and Santiago Chavez. Plaintiff alleged that Defendants were negligent in carrying out their legal services by allowing unlicensed and disbarred attorneys to work on the cases, giving incorrect legal advice, filing deficient pleadings, missing deadlines, and failing to communicate with Plaintiff regarding the status of his cases. Over the eight-year course of the underlying litigation, the district court entered orders dismissing Plaintiff's claims and granting Defendants' motions for summary judgment and dismissal. Plaintiff now appeals, listing approximately twenty district court rulings and five overarching claims of error, discussed in more detail below.

**DISCUSSION**

**{3}**     Plaintiff raises five claims of error concerning the district court's (1) dismissal of timely filings, (2) deviations from established timelines, (3) denial of the opportunity for Plaintiff to take a party's deposition, (4) inconsistencies in its application of scheduling orders, and (5) adverse rulings. We address each issue in turn.

**I.     Dismissal of Timely Filings**

**{4}**     Plaintiff first argues that the district court compromised his right to due process by consistently dismissing his timely filings, "particularly those deemed crucial to the discovery process." Plaintiff contends that the district court's rulings impeded his ability to present evidence and actively participate in the legal process, as well as his ability to present a defense. \

**{5}**     As an initial matter, we observe that Plaintiff has not identified which of the twenty district court rulings he is addressing in this section of his briefing. To the extent Plaintiff invites this court to conduct a comprehensive review of the district court's rulings, we remind Plaintiff that it is an appellant's burden to demonstrate error on

appeal. *See Premier Tr. of Nev., Inc. v. City of Albuquerque*, 2021-NMCA-004, ¶ 10, 482 P.3d 1261 ("[W]e reiterate that it is the appellant's burden to demonstrate, by providing well-supported and clear arguments, that the district court has erred."); *State v. Clifford*, 1994-NMSC-048, ¶ 19, 117 N.M. 508, 873 P.2d 254 ("We remind counsel that we are not required to do their research."). Plaintiff's short descriptions of the motions and orders at issue on pages 5-10 of his brief in chief do not provide argument or authority to demonstrate that any of the district court's rulings were erroneous. *See Lee v. Lee* (*In re Adoption of Doe*), 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329 ("[T]o present an issue on appeal for review, an appellant must submit argument and authority as required by rule." (emphasis omitted)); *State v. Cain*, 2019-NMCA-059, ¶ 3, 450 P.3d 452 ("Although pro se pleadings are viewed with tolerance, a pro se litigant, having chosen to represent [them]self, is held to the same standard of conduct and compliance with court rules, procedures, and orders as are members of the bar." (internal quotation marks and citation omitted)). Without demonstrating that the district court's dismissal orders were granted in error, Plaintiff has not provided grounds for this Court to conclude that the cumulative effect of the district court's rulings was unfair.

**{6}** While Plaintiff appears to suggest that the fact that his claims were dismissed before trial, in and of itself, is either procedurally unfair or in violation of his right to due process, this is not sufficient to demonstrate a due process violation. *See Titus v. City of Albuquerque*, 2011-NMCA-038, ¶¶ 45-48, 149 N.M. 556, 252 P.3d 780 (refusing to address bare constitutional assertions without sufficient explanation of pertinent facts and how any relevant case law might support the appellant's position). "The Due Process Clauses of the United States and New Mexico Constitutions require the government to afford certain procedural protections prior to depriving any person of a constitutionally protected interest in life, liberty, or property." *N.M. Dep't of Workforce Sols. v. Garduño*, 2016-NMSC-002, ¶ 10, 363 P.3d 1176; *see also* U.S. Const. amend. XIV, § 1 ("No State shall . . . deprive any person of life, liberty, or property, without due process of law."); N.M. Const. art. II, § 18 ("No person shall be deprived of life, liberty or property without due process of law."). In order to establish a due process violation, Plaintiff must establish that "he was deprived of a legitimate liberty or property interest and that he was not afforded adequate procedural protections in connection with the deprivation." *See Bd. of Educ. of Carlsbad Mun. Schs. v. Harrell*, 1994-NMSC-096, ¶ 21, 118 N.M. 470, 882 P.2d 511. To determine whether a party was afforded adequate procedural protections, New Mexico courts apply the balancing test announced in *Mathews v. Eldridge*, 424 U.S. 319 (1976), taking into account "(1) the private interest that will be affected by the official action; (2) the risk of erroneous deprivation of such interest through procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and (3) the government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirements would entail." *Gonzalez v. Watson*, 2024-NMCA-033, ¶ 18, 545 P.3d 1190. (alteration, internal quotation marks, and citation omitted).

**{7}** In this case, Plaintiff has not demonstrated either that he was deprived of a constitutionally protected liberty or property interest, or that he did not receive adequate

procedural protections. *See Bounds v. State ex rel. D'Antonio*, 2013-NMSC-037, ¶ 51, 306 P.3d 457 ("The threshold question in evaluating a due process challenge is whether there is a deprivation of liberty or property." (alteration, internal quotation marks, and citation omitted)). Having reviewed the record, it appears Plaintiff was given the opportunity to present his position on each of the rulings he identifies—either via his written motions and responses or orally at hearings on those motions. Consequently, it appears Plaintiff was given adequate process with respect to each of the rulings he identifies on appeal. Plaintiff has not developed any additional argument as to what additional process he believes he was owed. For all of these reasons, we conclude Plaintiff has not demonstrated error or a due process violation in the district court's dismissal of his claims, individually or collectively.

## II.     Deviation from Established Timelines

**{8}**     Plaintiff asserts that the district court deviated from "established timelines," which compromised his procedural rights and impacted his ability to present a defense. Plaintiff does not, however, identify what timeline(s) he is referring to, nor does he specify how or when the district court deviated from such timelines. The only clue provided in the briefing is Plaintiff's reference to "cases involving the denial of default judgments." Nevertheless, Plaintiff has not provided us with the basic information needed to review his claim. In particular Plaintiff fails to identify any specific error, has not provided citations to the record or authority, and has provided no argument to support his contentions. *See* Rule 12-318(A)(4) NMRA; *see also In re Adoption of Doe*, 1984-NMSC-024, ¶ 2. "We will not review unclear arguments or guess at what a party's arguments might be." *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (internal quotation marks and citation omitted). "To rule on an inadequately briefed issue, this Court would have to develop the arguments itself, effectively performing the parties' work for them. This creates a strain on judicial resources and a substantial risk of error." *Id.* (citation omitted)). Finally, for the same reasons discussed above, we decline Plaintiff's invitation to conduct a comprehensive review in the absence of an otherwise developed argument. *See Premier Tr. of Nev., Inc.*, 2021-NMCA-004, ¶ 10. In sum, Plaintiff's briefing on point two is inadequately developed to permit us to review the issue.

## III.     Denial of Opportunity to Depose Defendant Santiago Chavez

**{9}**     Plaintiff alleges that the district court erred by denying him the opportunity to depose Defendant Santiago Chavez, in violation of Rule 1-030 NMRA. Here, too, Plaintiff has not identified which ruling(s) he is appealing from or provided citations to the record directing this court to where the issue was preserved below. Plaintiff cites to one out-of-state case for the proposition that courts should "interpret[] and apply[] procedural rules liberally in favor of allowing parties to present evidence," but has not otherwise developed an argument demonstrating how or why the district court erred. For these reasons, we conclude Plaintiff's argument is not sufficiently developed for appellate review. *See Muse v. Muse*, 2009-NMCA-003, ¶ 42, 145 N.M. 451, 200 P.3d 104 ("[This Court] is not obligated to search the record on a party's behalf to locate

support for propositions a party advances or representations of counsel as to what occurred in the proceedings."); *State v. Ortiz*, 2009-NMCA-092, ¶ 32, 146 N.M. 873, 215 P.3d 811 (noting that it is the party's responsibility to connect legal theories to the pertinent elements and the factual support for those elements and that this Court may decline to review undeveloped arguments on appeal); *State v. Gonzalez*, 2011-NMCA-007, ¶ 19, 149 N.M. 226, 247 P.3d 1111 (stating that "this Court has no duty to review an argument that is not adequately developed").

## IV. Inconsistent Application of Scheduling Orders

**{10}** For his fourth claim of error, Plaintiff argues the district court's inconsistent application of scheduling orders resulted in inequitable treatment that prejudiced Plaintiff's ability to present his case. Plaintiff does not provide any further explanation of how or when the district court deviated from scheduling orders, nor has he provided any argument as to how he was prejudiced or what relief he seeks. *See* Rule 12-318(A)(4); *see also Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 ("An assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." (alteration, internal quotation marks, and citation omitted)). Because Plaintiff has not offered an argument, citation to the record, or legal authority to establish the basic premise of his claim of error, we are unable to review the merits of Plaintiff's claim. *See Gonzalez*, 2011-NMCA-007, ¶ 19; *see also Hall v. City of Carlsbad*, 2023-NMCA-042, ¶ 5, 531 P.3d 642 ("[T]he party claiming error must clearly show error." (internal quotation marks and citation omitted)).

## V. Misapplication of Legal Principles in Adverse Orders

**{11}** Finally, Plaintiff claims that the district court erred in its application of legal principles when ruling against him. Again, Plaintiff has not identified any specific error for review or any specific order in which the district court incorrectly applied settled law. Instead, Plaintiff seems to suggest that the district court "may" have issued orders erroneously that "may not align with established legal principles." To the extent Plaintiff suggests this Court should conduct its own review the district court's orders, this we will not do. On appeal, "[t]here is a presumption of correctness in the district court's rulings. Accordingly, it is [Plaintiff's] burden . . . to demonstrate any claimed error below." *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (alterations, internal quotation marks, and citations omitted). Plaintiff has not demonstrated error. To do so, Plaintiff would need to substantively address specific district court rulings by identifying specific error in specific order(s), providing citations to the record showing where the error occurred and how it was preserved, along with authority and analysis supporting Plaintiff's claim of error. Plaintiff has not done so, and has provided only generalized, vague assertions that error occurred. *See Chan v. Montoya*, 2011-NMCA-072, ¶ 9, 150 N.M. 44, 256 P.3d 987 ("It is not our practice to rely on assertions of counsel unaccompanied by support in the record. The mere assertions and arguments of counsel are not evidence." (internal quotation marks and citation omitted)). As stated throughout this opinion, this Court will not search the record for evidence to support

Plaintiff's claims. *Muse*, 2009-NMCA-003, ¶ 42. Because these arguments are not adequately developed, we decline to address them.

**{12}** We note that a pro se litigant is bound by all the rules of appellate procedure applicable to litigants represented by attorneys, and under those rules, it is not enough for a litigant to simply raise the possibility of an issue and ask this Court to search the record for error to correct. These rules are not mere formalities; they are in place to assist this Court in its review, particularly in cases such as this where the record proper is over 5,000 pages. *See id.* ¶ 72 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments."). For the reasons stated above, we conclude Plaintiff has not met his burden to demonstrate that the district court erred.

**CONCLUSION**

**{13}** For the forgoing reasons, we affirm.

**{14}  IT IS SO ORDERED.**

**MEGAN P. DUFFY, Judge**

**WE CONCUR:**

**KRISTINA BOGARDUS, Judge**

**JANE B. YOHALEM, Judge**